IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Raymond Edmonds, Jr., #304228, *a/k/a Raymond Edmonds,* | ) ) ) | Civil Case No. 2:15-cv-1041-PMD-MGB |
| Petitioner, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| Warden Cecelia Reynolds, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

The Petitioner, a state prisoner represented by counsel, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the court on Respondent's Motion for Summary Judgment. (Dkt. No. 15; *see also* Dkt. No. 16.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on March 4, 2015. (Dkt. No. 1.) On August 14, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 15; *see also* Dkt. No. 16.) On November 30, 2015, Petitioner filed his Response and Memorandum of Law in Opposition to Motion for Summary Judgment. (Dkt. No. 22.)

**PROCEDURAL HISTORY**

Petitioner, Raymond Edmonds, Jr., #304228, is presently confined in the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC) as the result of his conviction and sentence in Richland County, South Carolina. The Richland County Grand Jury indicted Petitioner in July of 2003 for trafficking crack cocaine, possession of unlawful weapon by a convicted felon, possession with intent to distribute cocaine, and possession with

intent to distribute marijuana. (Dkt. No. 16-2 at 279-86.) Kahna Rahman, Esq., ("trial counsel") represented him on the charges.

A jury trial was held August 2-4, 2004, before the Honorable Clifton Newman ("the trial court"). The jury convicted Petitioner of trafficking crack cocaine, 100 to 200 grams; possession with intent to distribute marijuana; and possession of a stolen weapon, but not guilty of possession with intent to distribute cocaine.[1] (Dkt. No. 16-2 at 202). Petitioner appealed.

Appellate counsel filed a Final *Anders*[2] Brief of Appellant in the South Carolina Court of Appeals on October 11, 2005, and raised the following issue:

> Did the trial judge err by refusing to order the state to provide appellant with the name of the confidential informant?

(Dkt. No. 16-3 at 4.) By letter dated October 17, 2005, the Clerk of the South Carolina Court of Appeals advised the Petitioner of his right to submit his own "brief addressing any issues [he] believe[d] the Court should consider in [the] appeal." (Dkt. No. 16-3.) The Petitioner filed a *pro se* brief. (Dkt. No. 16-4.)

On March 15, 2006, the South Carolina Court of Appeals dismissed the appeal, finding "no directly appealable issues that are arguable on their merits." (Dkt. No. 16-5.) Petitioner filed a *pro se* petition for rehearing, (Dkt. No. 16-6), which was denied on August 25, 2006. (Dkt. No. 16-7.) Petitioner also sought review from the Supreme Court of South Carolina, (Dkt. No. 16-8),

---

[1] The State's case was based on a search warrant that was executed on Petitioner's home. The search warrant was based on probable cause stemming from a tip given to law enforcement by a confidential informant. (Dkt. No. 16-1 at 14-17.) The informant relayed to law enforcement that he had observed narcotics in Petitioner's home within the 72 hours prior to the tip. (*Id.*) The informant had previously given law enforcement information regarding criminal activity that proved true. (*Id.*) Upon execution of the search warrant, Petitioner showed officers the locations in the home of a portion of the drugs and the gun. Other drugs were found by officers during the search. Petitioner admitted ownership of the drugs at the scene.
[2] *Anders v. State of Cal.*, 386 U.S. 738 (1967).

which was denied on April 23, 2007. (Dkt. No. 16-9.) The South Carolina Court of Appeals issued the remittitur on April 25, 2007. (Dkt. No. 16-10.)

On October 8, 2007, Petitioner filed an application for post-conviction relief ("PCR"), raising in a separate memorandum various claims of ineffective assistance of counsel. (Dkt. Nos. 16-11; 16-12 at 3-5.) The State made its return to the application on October 9, 2009. (Dkt. No. 16-12 at 9-12.) Tricia A. Blanchette, Esq., represented Petitioner in the action. PCR counsel amended the application on July 29, 2009, to raise the following issues:

1. Ineffective Assistance of Trial Counsel, specifically but not limited to the following grounds:

    a. Failure to prepare and investigate, specifically failure to review discovery, prepare for trial and prepare witnesses
    b. Failure to negotiate a plea agreement and/or advise the Applicant regarding plea negotiations.
    c. Failure to request that the State's witnesses be sequestered during trial.
    d. Failure to properly prepare and present the motion to compel the disclosure of the confidential informant.
    e. Failure to present all available arguments during the motion to suppress the search warrant and failure to call any witnesses on the Applicant's behalf.
    f. Failure to request a *Jackson v. Denno* hearing without the Court's prompting and failure to call any witnesses or present a viable argument on the Applicant's behalf.
    g. Failure to locate Danny Brown and failure to properly utilize and/or investigate the statements of Danny Brown prior to trial.
    h. Failure to enter contemporaneous objections to the introduction of the drug evidence, gun, and janitorial paperwork.
    i. Failure to properly address the situation regarding the presence of children in the home at the time the search warrant was executed.
    j. Failure to file any post trial motions with the Court.
    k. Failure to follow up with the Applicant and provide the Applicant with paperwork from the pending forfeiture action.

(Dkt. No. 16-13 at 7.)

The Honorable G. Thomas Cooper held an evidentiary hearing on the allegations on August 14, 2009. (Dkt. No. 16-13 at 13.) Judge Cooper denied relief and dismissed the application in an Order dated February 5, 2010. (Dkt. No. 16-13 at 112-141.) Both PCR counsel and Petitioner filed motions to reconsider and/or amend. (Dkt. No. 16-13 at 727-747.) Judge

Cooper denied reconsideration on July 30, 2010. (Dkt. No. 16-13 at 163.) Petitioner appealed the denial of relief.

Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense represented Petitioner on appeal. Appellate counsel filed a *Johnson* Petition for Writ of Certiorari[3] in the Supreme Court of South Carolina on November 23, 2010, and raised the following issue:

> Whether defense counsel was ineffective in failing to provide an adversarial challenge to the State's case?

(Dkt. No. 16-14 at 4.)  Appellate counsel also filed a petition to be relieved of appointment because "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit." (Dkt. No. 16-14 at 9.)

On November 24, 2010, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a "*pro se* response to the petition" and "raise and argue any issues [he] believe[d] the Court should consider in [the] appeal." (Dkt. No. 16-15.) The matter was thereafter transferred to the South Carolina Court of Appeals. (Dkt. No. 16-16.)  On January 14, 2013, the South Carolina Court of Appeals granted the petition for review. (Dkt. No. 16-17.) Petitioner filed his Brief of Petitioner on February 13, 2013. (Dkt. No. 16-18.) The State filed its Brief of Respondent on May 17, 2013. (Dkt. No. 16-19.) The Court of Appeals issued an unpublished opinion on June 25, 2014, affirming the denial of relief. (Dkt. No. 16-20.) Petitioner filed a *pro se* petition for rehearing on or about July 7, 2014. (Dkt. No. 16-21.) The Court of Appeals denied the petition on August 25, 2014. (Dkt. No. 16-22.)

---

[3] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

### Grounds for Habeas Relief

On March 4, 2015, Petitioner filed the instant habeas petition (Dkt. Nos. 1& 1-1.), wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: The lower court erred when failing to compel the State to disclose the confidential informant so he could be used as defense witness.
>
> **GROUND TWO**: The lower court erred when refusing to suppress search warrant.
>
> **GROUND THREE**: Trial Counsel's Stewardship was "unreasonably ineffective" and "prejudicial" for failing to properly present facts to support a motion to have the court suppress evidence which was obtained by law enforcement, through an "unlawful" Search Warrant, against the defendant, and/or – the Trial court improperly held the search warrant was valid.
>
> **GROUND FOUR**: Trial Counsel was ineffective and prejudicial, for failing to request a JACKSON-VS-DENNO hearing without the Court's prompting; and her failure to prepare and call any witnesses during this critical stage or even present a viable argument on behalf of the defense.
>
> **GROUND FIVE**: Due to appellate collateral failing to brief "ALL" issues (both counsel's and petitioner's) as ordered by the court; The South Carolina Court of Appeals failed to consider petitioner's Pro Se Brief issues on the merits; resulted in an unreliable determination of the facts.
>
> **GROUND SIX**: Whether the Court of Appeals erred in ruling that petitioner's claim was not preserved for appellate review.

### APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for

summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

The undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 15) be granted.

1. **GROUND ONE: The lower court erred when failing to compel the State to disclose the confidential informant so he could be used as defense witness. (verbatim).**

Ground One of the Petitioner's habeas petition is without merit, and the Respondent is entitled to judgment as a matter of law. Petitioner raised this issue at trial and in his appeal. The Court of Appeals held Petitioner's appeal contained "no directly appealable issues that are arguable on their merits." (Dkt. No. 16-6 at 2.) Trial counsel made a motion to compel the State to disclose the identity of the confidential informant ("CI"). (Dkt. Nos. 16-1 as 14-16; 16-2 at 274-275.) Trial counsel argued that the defense would like the opportunity to explore the CI's reliability. (*Id.*) The State argued that the informant was a mere tipster that had given reliable information in the past. (*Id.*) The CI's role was limited to a tip that officers used as probable cause to obtain a search warrant. (*Id.*) When an informant is the "sole participant, other than the accused," and the only witness to the crime charged, it is error for the trial court to permit the government to withhold the informant's identity. *Roviaro v. United States*, 353 U.S. 53, 64 (1957). However, when a CI "was not a participant in the crime but a mere 'tipster,' disclosure of his or her identity was not required." *United States v. Graham*, 73 F. App'x 588, 591 (4th Cir. 2003); *Cf . United States v. Price*, 783 F.2d 1132, 1139 (4th Cir. 1986); *State v. Diamond*, 280 S.C. 296, 298, 312 S.E.2d 550, 551 (1984) (holding disclosure of the CI's identity was necessary because the CI was "clearly a participant in the transaction, not a mere 'tipster' or witness"). The CI told law enforcement he had seen crack cocaine in a residence, and law enforcement obtained a search warrant based on the tip. (Dkt. No. 16-1 at 52-54.) As conceded by the Petitioner at trial, the CI was not an active participant or material witness to the crime charged. (*Id.* at 15-16, 55-58.) The trial court's ruling regarding the disclosure of the CI was reasonable.

Petitioner is not entitled to relief as he can show neither an unreasonable application of federal law nor an unreasonable determination of facts by the state court.

### 2. GROUND TWO: The lower court erred when refusing to suppress search warrant. (verbatim).

Ground Two of the Petitioner's habeas petition is barred by law and the Respondent is entitled to judgment as a matter of law. Petitioner alleges that the search warrant failed to reflect any basis for reliability of the confidential informant for the Magistrate to review. (Dkt. No. 1-1 at 4-5.) The sufficiency of the warrant was litigated at trial. (Dkt. no. 16-1 at 46-55.) While not included in Petitioner's *Anders* brief, the Court of Appeals addressed the search warrant as it was raised in the Petitioner's *pro se* filing. (Dkt. Nos. 16-5, 16-4.) The Court of Appeals held Petitioner's appeal contained "no directly appealable issues that are arguable on their merits." (Dkt. No. 16-6 at 2.)

The Supreme Court of the United States had held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "*Stone v. Powell*...marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court." *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir. 1982) (holding that the petitioner in a habeas action could not challenge the search of his residence pursuant to a search warrant under *Stone v. Powell*).

The Petitioner is attempting to challenge the admissibility of the evidence against him that was obtained from his residence pursuant to a search warrant. The Petitioner's argument is identical to the petitioner in *Grimsley*. Therefore, this court finds that Ground Two of

Petitioner's Habeas action is barred pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), and the Respondent is entitled to judgement as a matter of law.

> **3.  Ground Three: Trial Counsel's Stewardship was "unreasonably ineffective" and "prejudicial" for failing to properly present facts to support a motion to have the court suppress evidence which was obtained by law enforcement, through an "unlawful" Search Warrant, against the defendant, and/or – the Trial Court improperly held the search warrant was valid. (verbatim).**

To the extent Petitioner is alleging the trial court ruled incorrectly by not suppressing the drug evidence obtained pursuant to the search warrant, this ground is barred by *Stone v. Powell* as discussed *supra*.  To the extent Petitioner is alleging his trial counsel was ineffective by not successfully arguing his motion to suppress the drug evidence, this ground is without merit.  His claim was heard by the PCR court and denied. (Dkt. No. 16-13 at 132-33.)  The Petitioner mentioned this issue in his PCR appeal. (Dkt. No. 16-18 at 7.)  The Court of Appeals ruled that "Petitioner failed to challenge the PCR court's determination that he was not prejudiced by defense counsel's representation" and therefore did not preserve the issue for appeal.  (Dkt. No. 16-20 at 2.)

Even if Petitioner's alleged claim regarding trial counsel's ineffective assistance in challenging the search warrant is not defaulted, it is without merit.  The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action

might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The Petitioner has not presented any evidence that he was prejudiced under *Strickland*. In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id*. The Petitioner has not presented any argument or evidence that other arguments or evidence could have been presented at trial which would have shown the search warrant to be insufficient. Trial counsel zealously challenged the search warrant, and the state court reasonably ruled based on the testimony and the law. Petitioner has not demonstrated that there is a reasonable possibility that there could have been any other outcome.

4. **Ground Four: Trial Counsel was ineffective and prejudicial, for failing to request a JACKSON-VS-DENNO hearing without the Court's prompting; and her failure to prepare and call any witnesses during this critical stage or even present a viable argument on behalf of the defense. (verbatim).**

Petitioner's allegations that trial counsel was ineffective by not requesting and then successfully arguing the *Jackson v. Denno* hearing are without merit.[4] This ground was heard by

---

[4] *Jackson v. Denno*, 378 U.S. 368 (1964).

the PCR court and denied. (Dkt. No. 16-13 at 122-31.)  The Petitioner mentioned this issue in his PCR appeal. (Dkt. No. 16-18 at 6.)  The Court of Appeals ruled that "Petitioner failed to challenge the PCR court's determination that he was not prejudiced by defense counsel's representation" and therefore did not preserve the issue for appeal.  (Dkt. No. 16-20 at 2.)  But because Petitioner did raise this issue before on his PCR appeal, this court will address the issue on its merits.

In *Jackson v. Denno,* the Supreme Court of the United States held that "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. at 380.  Petitioner stated to law enforcement that the drugs found in the residence belonged to him. (Dkt. No. 16-1 at 84-110.)  The trial court conducted the *Jackson v. Denno* hearing on its own motion.  At the hearing, four law enforcement officers testified that Petitioner had claimed the drugs as his. (*Id.*)  When asked on cross-examination if any threats were made towards anyone at the scene regarding turning the children present over to the Department of Social Service "DSS, " all four officers denied such statements were made. (*Id.* at 87, 97, 100, 106.)   Following the *Jackson v. Denno* hearing, the trial court held that by a preponderance of the evidence Petitioner's statement claiming ownership of the drugs was voluntary. (Dkt. No. 16-1 at 110.)

Assuming this Ground is not procedurally barred, under the second prong of *Strickland*, Petitioner has failed to show any prejudice resulting from trial counsel's alleged failures.  As to counsel not requesting the hearing, the hearing was conducted by the court before the case went to the jury. (Dkt. No. 16-1 at 82-111.)   The trial court ruled by a preponderance of the evidence that the statement was voluntary. (*Id.* at 110.)  Petitioner has not demonstrated that there is a

reasonable possibility that there could have been any other outcome because he did have a *Jackson v. Denno* hearing regardless of who moved for the hearing.

Similarly, Petitioner has failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" as to counsel's presentation of evidence and arguments during the *Jackson v. Denno* hearing. *Strickland*, 466 U.S. at 694. Petitioner testified at his PCR hearing that he claimed possession of the drugs after law enforcement stated that the DSS would be called concerning the children in the residence if no one claimed the drugs. (Dkt. No. 16-13 at 39-40, 122.) His sister testified at the PCR hearing that an officer stated he would call DSS to take the kids if no one claimed the drugs. (Dkt. No. 16-13 at 80.) The Petitioner argued before the PCR court that he could have testified at the *Jackson v. Denno* hearing, and possibly his sister and a minor child who were present. At the *Jackson v. Denno* hearing, four officers, one of whom was testifying as an expert in narcotics, testified and denied making any DSS threats at all. (Dkt. No. 16-1 at 84-110.) In light of the preponderance of the evidence standard correctly used by the trial court, the Petitioner has failed to how his testimony, his sister's testimony, or a child's testimony would have outweighed the testimony of four law enforcement officers. The PCR court found Petitioner's testimony and his sister's testimony to not be credible. (Dkt. No. 16-13 at 125-129.) *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000) ("Fisher has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence."). As Petitioner has failed to meet the "reasonable probability" standard in *Strickland*, this court finds that Respondent is entitled to judgment as a matter of law.

5. **Ground Five: Due to appellate collateral failing to brief "ALL" issues (both counsel's and petitioner's) as ordered by the court; The South Carolina Court of Appeals failed to consider petitioner's Pro Se Brief issues on the merits; resulted in an unreliable determination of the facts. (verbatim).**

Ground Five of the Petitioner's habeas petition is not a cognizable claim under section 2254, and the Respondent is entitled to judgment as a matter of law. In his habeas petition, Petitioner stated that he was "denied a full and complete appellate review" because his PCR appellate counsel filed a "[n]o merit or *Johnson* Petition." (Dkt. No. 1-1 at 6.) Petitioner did not mention Ground Five in his Reply to Summary Judgment. (Dkt. No. 22.) "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C § 2254(i). Petitioner's claim that his appellate PCR counsel was ineffective is barred by law. *Johnson v. Cartledge*, No. 8:12-CV-01536-RBH, 2014 WL 1159591, at *28 (D.S.C. Mar. 21, 2014) *appeal dismissed,* 583 F. App'x 50 (4th Cir. 2014) (holding Petitioner's assertion that his appellate counsel representing him in his appeal from the PCR court was "ineffective for only raising one ground to the South Carolina Supreme Court" was "insufficient to support an argument for cause and prejudice.").

6. **Ground Six: Whether the Court of Appeals erred in ruling that petitioner's claim was not preserved for appellate review.**

Ground Six of the Petitioner's habeas petition is not cognizable under section 2254, and the Respondent is entitled to judgment as a matter of law. The Petitioner alleges that the Court of Appeals erred in ruling he had not preserved "issues" from his PCR hearing. (Dkt. No. 1-1 at 8.) The Petitioner did not elaborate in his petition as to what specific issues should have been preserved. (*Id.*) The Petitioner did not address Ground Six at all in his Reply to Summary Judgment. (Dkt. No. 22.) "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. State of Md.,* 848 F.2d 492,

493 (4th Cir. 1988) (citations omitted).  Petitioner cannot raise such a claim in this action. As to Ground Six, this court finds that Respondent is entitled to judgment as a matter of law.

## **RECOMMENDATION**

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 15) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 25, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).