**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Raymond Edmonds, Jr., #304228, | ) | |
| *a/k/a Raymond Edmonds*, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 2:15-cv-1041-PMD-MGB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Cecelia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 33 & 26). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 15).

## BACKGROUND

Petitioner agrees with the R & R's statement of the facts and procedural history. The Court therefore adopts those portions of the R & R. To them, it adds that after Petitioner received the R & R, he requested additional time to object to it. The Court granted a twenty-day extension. Petitioner filed his objections within that extended deadline.

## STANDARD OF REVIEW[1]

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or

_____

1.    The Court adopts the R & R's explanation of the summary judgment standard and the duty to construe liberally *pro se* filings.

2:15-cv-01041-PMD    Date Filed 03/14/16    Entry Number 35    Page 2 of 7

in part.  *Id.*  Additionally, the Court may receive more evidence or recommit the matter to the

Magistrate Judge with instructions.  *Id.*  A party's failure to object is taken as the party's

agreement with the Magistrate Judge's conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

Absent a timely, specific objection—or as to those portions of the R & R to which no specific

objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins.*

*Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on all six of Petitioner's

asserted grounds for relief.  Petitioner's objections relate to the first four grounds.[2]

### I.    Ground 1: The Confidential Informant's Identity

The police used a confidential informant's tip to obtain a search warrant for Petitioner's

home.  Trial counsel made a motion to compel the State to reveal the informant's identity.  The

trial court denied the motion.  In Ground 1, Petitioner argues the trial Court erred.

The Magistrate Judge recommends denying Ground 1 because the informant "was not an

active participant or material witness to the crime charged."  (R & R, ECF No. 26, at 7.)

Petitioner argues the informant was an active participant in the charged crimes, and thus was a

material witness, because he participated in an undercover drug purchase at Petitioner's house.

Petitioner's contention lacks merit.  The drug purchase in which the informant

participated related only to a charge that the State dismissed before trial.  The informant's role in

the drug purchase did not make him an active participant in, or a material witness to, any of the

four charges on which Petitioner was tried.  Rather, his only connection to those charges was his

_____

2.    The Magistrate Judge concluded Ground 5 and Ground 6 are not cognizable in § 2254 proceedings.  Petitioner
has not objected to those conclusions.  Seeing no error in the R & R's analysis of those grounds, the Court adopts
the portions of the R & R relating to them.

tip, and as the Magistrate Judge pointed out, when a confidential informant was "but a mere 'tipster,' disclosure of his or her identity [is] not required." *E.g.*, *United States v. Graham*, 73 F. App'x 588, 591 (4th Cir. 2003) (per curiam). Thus, the Court overrules Petitioner's objection and adopts the R & R's analysis of Ground 1.

## II.    Ground 2: Validity of the Search Warrant

In Ground 2, Petitioner argues the trial court erred by denying trial counsel's motion to suppress evidence police obtained in executing the search warrant. The Magistrate Judge concluded this ground is barred under *Stone v. Powell*, in which the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976) (footnotes omitted). Petitioner argues he did not get a full and fair opportunity to litigate the validity of the search warrant. The Court disagrees. The trial court allowed trial counsel to present arguments and evidence on the motion, and it ruled only after both sides finished their presentations. Petitioner then raised the issue on direct appeal, and the South Carolina Court of Appeals reviewed his argument. As the Magistrate Judge correctly found, those two levels of review constituted the full and fair opportunity that *Stone* contemplates. *See Roach v. Warden of Kershaw Corr. Inst.*, No. 2:13-cv-443-DCN, 2014 WL 1155359, at *6 (D.S.C. Mar. 20, 2014) (reaching same conclusion on indistinguishable facts), *appeal dismissed*, 583 F. App'x 253 (4th Cir. 2014) (per curiam).

In arguing that he did not receive that opportunity, Petitioner only restates his arguments on the merits of whether the search warrant was defective. Those arguments, however, have no bearing on whether the state courts gave him an adequate opportunity to assert them.

Petitioner also argues *Stone* is limited only to Fourth Amendment claims, while in his case, the trial court's erroneous suppression ruling led to some of his other constitutional rights being violated later in the trial. To be sure, the Supreme Court has declined invitations to extend *Stone* to various trial rights that the Fifth and Sixth Amendments provide. *See Withrow v. Williams*, 507 U.S. 680, 686–95 (1993). However, until now, Petitioner has characterized the suppression ruling as only inconsistent with the Fourth Amendment. If that ruling also caused some other constitutional violation, then that argument needed to be properly asserted in state court and in the § 2254 petition. As it was not, the Court can view Petitioner's argument only as an attempt to avoid *Stone*. *Cf. Barber v. Jones*, 279 F. App'x 710, 715 (10th Cir. 2008) (per curiam) (finding insufficient-evidence claim was "merely [an] attempt to recast his Fourth Amendment claim" in order to avoid *Stone*).

The Court overrules Petitioner's objection and adopts the R & R's analysis of Ground 2.

### III.     Grounds 3 and 4: Ineffective Assistance of Trial Counsel

In Ground 3, Petitioner claims his trial counsel provided ineffective assistance in her handling of the motion to suppress discussed above.[3] Similarly, in Ground 4, Petitioner claims trial counsel mishandled a hearing on whether an inculpatory statement he made to the police was voluntary. *See generally Jackson v. Denno*, 378 U.S. 368 (1964). The Magistrate Judge concluded that Ground 3 is procedurally defaulted and that neither ground has any merit. Petitioner objects to those conclusions.

Petitioner raised these two ineffective-assistance claims, and others, to the PCR court. Applying the familiar two-pronged standard from *Strickland v. Washington*, 466 U.S. 668 (1984), the PCR court ruled Petitioner had not met his burden of proving that any of trial

---

3.     In this ground, Petitioner reiterates that the trial court erroneously denied the motion to suppress. For the reasons stated in section II above, the Court still finds that claim barred by *Stone*.

counsel's challenged conduct was deficient or that it was prejudicial.  In other words, in the PCR court, the case was litigated and adjudicated as a set of discrete *Strickland* claims.

PCR appellate counsel presented a different theory to the South Carolina Court of Appeals.  Instead of challenging any of the PCR court's rulings on deficiency or prejudice, he argued that trial counsel failed to provide an adversarial challenge to the State's case—a theory that is extremely difficult to prove but, if proven, creates a presumption of prejudice.  *See Nance v. Ozmint*, 626 S.E.2d 878, 880 (S.C. 2006) ("[P]er-se prejudice occurs . . . when a lawyer 'entirely fails to subject the prosecution's case to meaningful adversarial testing,' thus making 'the adversary process itself presumptively unreliable.'" (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984))); *Brown v. French*, 147 F.3d 307, 313 (4th Cir. 1998) (stating that such a claim is "an extremely high showing for a criminal defendant to make").  Recognizing the shift in theory, the Court of Appeals held that nothing was preserved for appellate review.  The presumed prejudice theory was not preserved because it had not been raised to, and ruled upon by, the PCR court.  The PCR court's no-prejudice ruling was not preserved because PCR appellate counsel failed to challenge it.  Because that unchallenged ruling was dispositive, the Court of Appeals was constrained to affirm on procedural grounds.

Ground 3 and Ground 4 are procedurally defaulted because PCR appellate counsel did not preserve them for appellate review in state court.  *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) (stating that under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule").  "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and

5

the rule is firmly established and consistently followed." *Id.* The error-preservation rule that the Court of Appeals invoked in denying review of those two grounds is one of the most well-established and consistently followed procedural rules in South Carolina. *See, e.g.*, *Caprood v. State*, 525 S.E.2d 514, 518 (S.C. 2000) (declining to address PCR court ruling that was not challenged on appeal); *JASDIP Props. SC, LLC v. Estate of Richardson*, 720 S.E.2d 485, 489 (S.C. Ct. App. 2011) ("An unchallenged ruling, right or wrong, is the law of the case." (citing *Ulmer v. Ulmer*, 632 S.E.2d 858, 861 (S.C. 2006))). Thus, the Magistrate Judge correctly concluded that Ground 3 is defaulted. [4]

Procedural default is a rule "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez*, 132 S. Ct. at 1316. Those federalism concerns must yield to merits review only when the state prisoner has cause and prejudice excusing the procedural default or "a fundamental miscarriage of justice" would occur if the federal habeascouer did not review the defaulted claim's merits. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not proven either exception.[5] *See id.* (giving habeas petitioners the burden of proving those exceptions). Accordingly, the Court does not reach the R & R's analysis on the merits of these

---

4. The R & R does not explicitly state whether Ground 4 is procedurally defaulted. In addition, as part of Ground 1, Petitioner contends trial counsel mishandled the motion to compel, thereby violating his Sixth Amendment right to effective assistance of counsel. The R & R does not explicitly address that contention, but it is procedurally defaulted for the same reasons that Ground 3 and Ground 4 are defaulted.

5. The Court has considered whether PCR appellate counsel's failure to challenge the PCR court's rulings could afford Petitioner some relief. After all, his decision to switch theories on appeal appears to have disregarded South Carolina's "axiomatic" rule "that 'one cannot present and try his case on one theory and thereafter advocate another theory on appeal.'" *Butler v. Town of Edgefield*, 493 S.E.2d 838, 843 (1997) (quoting *White v. Livingston*, 98 S.E.2d 534, 537 (S.C. 1957)). However, the authorities are clear that PCR appellate counsel's decision cannot serve as a substantive basis for federal habeas relief or as cause excusing a procedural default. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (per curiam) (holding allegations of ineffective PCR appellate counsel "fall under the general . . . rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default"). Thus, although PCR appellate counsel's handling of the collateral appeal is perplexing, it has no significance here.

two grounds or Petitioner's objections to that analysis. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (stating "a federal habeas court may not review" a procedurally defaulted claim); *see also Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting report and recommendation without considering objections that were not relevant to magistrate's recommendation to dismiss for lack of jurisdiction).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's objections to the R & R are **OVERRULED**, that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[6]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 14, 2016**
**Charleston, South Carolina**

---

6.    The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).